**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4453**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TONY HUMPHREY,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:12-cr-00228-FDW-1)

_____

Submitted: February 18, 2015           Decided: March 2, 2015

_____

Before MOTZ and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Humphrey pleaded guilty, pursuant to a written plea agreement, to two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012) (Counts One and Ten); two counts of attempted Hobbs Act robbery (Counts Three and Eight); one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2012) (Count Six); and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012) (Counts Two and Four). The district court sentenced Humphrey to a total of 471 months' imprisonment, consisting of eighty-seven months' imprisonment on Counts One, Three, Six, Eight, and Ten, to be served concurrently; seven years' imprisonment on Count Two, to be served consecutive to all other sentences; and twenty-five years' imprisonment on Count Four, to be served consecutive to all other sentences. On appeal, Humphrey's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the substantive reasonableness of Humphrey's sentence. We affirm.

In accordance with Anders, we have reviewed the record in this case, and have found no meritorious issues. Before accepting Humphrey's guilty plea, the magistrate judge conducted a thorough plea colloquy, satisfying the requirements of Fed. R. Crim. P. 11 and ensuring that Humphrey's plea was knowing,

2

voluntary, and supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Moreover, the district court made no significant procedural error at sentencing. See Gall v. United States, 552 U.S. 38, 51 (2007).

Counsel questions whether Humphrey's sentence is substantively reasonable. We assess substantive reasonableness by considering the totality of the circumstances. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citation omitted), cert. denied, 135 S. Ct. 421 (2014).

After careful review of the record, we conclude that Humphrey had failed to rebut the presumed reasonableness of his sentence. The district court considered Humphrey's childhood and mental health problems, but concluded that these factors did not excuse his violent crimes. The court determined that a sentence at the low end of the Guidelines range was necessary to reflect the seriousness of Humphrey's criminal conduct and to deter others from violent crime, but also recognized the mitigating factors and that Humphrey was making efforts to

3

improve his life. We therefore conclude that Humphrey's sentence is reasonable.

Accordingly, we affirm the district court's judgment. This court requires that counsel inform Humphrey, in writing, of the right to petition the Supreme Court of the United States for further review. If Humphrey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Humphrey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED</u>